IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE DAVILA<br><br>v.<br><br>WALMART STORES, INC. D/B/A<br>WALMART STORE #2667 | ¶<br>¶<br>¶<br>¶<br>¶ | CIVIL ACTION NO.<br><br>_____ |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Walmart Stores, Inc. d/b/a Walmart Store #2667 (correct name Wal-Mart Stores Texas, LLC) ("Wal-Mart" and/or "Defendant"), and files this Notice of Removal pursuant to 28 U.S. C. §§ 1441 and 1332.

### I. INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the County Court at Law No. 2, Dallas County, Texas, where this matter was pending under Cause No. CC-15-03446-B, in a matter styled *Jorge Davila v. Walmart Stores, Inc. d/b/a Walmart Stores #2667* (the "State Court Action").

### II. NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging personal injury resulting from claims of negligence against Defendant. Plaintiff's Original Petition, p. 2.

3. Plaintiff Jorge Davila alleges that on or about July 11, 2013, he slipped and fell on a plastic coat hanger left on the floor of the store. Id. at p. 2.

4. Plaintiff brought premises liability claims against *Walmart Stores, Inc. d/b/a Walmart Stores #2667* in the County Court at Law No. 2, Dallas County, Texas. Id. at p. 1.

## III. TIMELINESS OF REMOVAL

5. Plaintiff commenced this lawsuit by filing her Original Petition on July 8, 2015. Defendant Wal-Mart accepted service on August 3, 2015 through its agent, CT Corporation. This removal is timely because it is filed less than 30 days after Wal-Mart was served. 28 U.S.C. § 1446.

## IV. BASIS FOR REMOVAL JURISDICTION

6. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Dallas, Dallas County, Texas. Plaintiff's Original Petition p. 1. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

8. Plaintiff sued and served Walmart Stores, Inc. d/b/a Walmart Store #2667 (correct name Wal-Mart Stores Texas, LLC) that is now and at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole owner of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in

Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas. The Fifth Circuit has also previously recognized Wal-Mart Stores Inc. is a citizen of Delaware with its principal place of business in Arkansas. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000). Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

9. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendant.

10. Upon information and belief, the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs. Plaintiff alleges she suffered physical injuries and loss of earning capacity. See Plaintiff's Original Petition p.6.

11. Plaintiff seeks damages for physical and mental pain and anguish in the past and future; medical care and expenses incurred in the past and future; impairment in the past and future, disfigurement, and loss of earnings and earning capacity past and future. See Plaintiff's Original Petition p. 5.

12. Plaintiff's pleadings specifically seek a maximum monetary relief which is over $100,000.00 but less than $200,000.00, excluding costs and interest. See Plaintiff's Original Petition, p. 6. Thus, based on all information currently known by or available to Defendant, due

to Plaintiff's pleadings, there is a presumption the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

### V. THIS NOTICE IS PROCEDURALLY CORRECT

13. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

14. Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

   A. Index of all documents filed in the State Court Action.
   B. Docket Sheet in the State Court Action.
   C. Copies of all process, pleadings and orders filed in State Court.

15. Wal-Mart also is filing with the Notice of Removal a completed Civil Cover Sheet, Supplemental Civil Cover Sheet, and Certificate of Interested Persons.

16. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the County Court at Law No. 2, Dallas County, Texas, where this matter was pending under Cause No. 15-03446-B, in a matter styled *Jorge Davila v. Walmart Stores, Inc. d/b/a Walmart Stores #2667*

18. A jury trial has been demanded in the State Court Action.

19. Trial has not commenced in County Court at Law No. 2, Dallas County, Texas.

NOTICE OF REMOVAL  
D/932877v1  
Page 4 of 6

## VI. CONCLUSION

20. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the County Court at Law No. 2, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores Texas, LLC, pursuant to and in conformance with the statutory requirements, removes this action from the County Court at Law No. 2, Dallas County, Texas, to this Court.

FURTHER, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:     /s/ Derek S. Davis
    **DEREK S. DAVIS**
    Texas Bar No. 00793591
    Email: Derek.Davis@CooperScully.com
    **AMY AGNEW**
    Texas Bar No. 24048325
    Email: Amy.Agnew@CooperScully.com

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2015, a true and correct copy this document was served on counsel of record as follows:

Kristina N. Kastl
KASTL LAW, P.C.
State Bar No.: 24025467
*Email: kkastl@kastllaw.com*
Tamera Boudreau
State Bar No.: 02694900
*Email: tboudreau@kastllaw.com*
4144 N. Central Expressway, Suite 300
Dallas, Texas 75204
(214) 821-0230 — Telephone
(214) 821-0231 — Facsimile

                                    /s/ Derek S. Davis
                                    **DEREK S. DAVIS**

NOTICE OF REMOVAL            Page 6 of 6
D/932877v1