FILED
7/8/2015 12:02:27 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-15-03446-B

| | | |
|---|---|---|
| JORGE DAVILA, | § | IN THE COUNTY COURT |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| WALMART STORES, INC. d/b/a | § | |
| WALMART STORE #2667 | § | |
|     *Defendant.* | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION,
JURY DEMAND AND WRITTEN DISCOVERY REQUESTS**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Jorge Davila ("Plaintiff"), complaining of Walmart Stores, Inc. d/b/a Walmart Store #2667, hereinafter "Defendant," and for such cause of action would respectfully show the Court the following:

**I.   DISCOVERY CONTROL PLAN LEVEL**

1.   Plaintiff brings this action under Texas Rule of Civil Procedure 47(c)(3), and seeks monetary relief of over $100,000 but not more than $200,000, which is within the jurisdictional limits of the Court. Plaintiff intends that discovery be conducted under a Level 3 Discovery Control Plan.

**II.   PARTIES**

2.   Plaintiff Jorge Davila is a resident of Dallas County, Texas. Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, Plaintiff states that the last three numbers of his driver's license number are 610 and the last three numbers of his social security number are 302.

4.   Defendant **Walmart Stores, Inc. d/b/a Walmart Store #2667** is a foreign for-profit corporation doing business in the State of Texas, and may be served with process by

EXHIBIT B

serving its registered agent for service: **CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.**

### III.   JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Venue is proper in Dallas County, Texas pursuant to §15.002, et seq., of the Texas Civil Practices & Remedies Code, because all or a substantial part of the events or omissions occurred in Dallas County, Texas.

### IV.   FACTUAL BACKGROUND

7. On or about July 11, 2013, Plaintiff Jorge Davila was a business invitee at Defendant's premises commonly known as Walmart Store #2667 (hereafter "Walmart") located at 7401 Samuell Blvd, Dallas, TX 75228. At all times material hereto, Defendant Walmart Stores, Inc., owned, operated, and controlled Walmart Store #2667, located at 7401 Samuell Blvd, Dallas, TX 75228. Said Defendants also managed and maintained the premises in question.

8. On said occasion, Plaintiff was shopping at Walmart Store #2667, and was in the clothing department and slipped and fell on a plastic coat hanger left on the floor of the store. There were no warning signs. As a result of Defendant's negligence, Plaintiff suffered serious bodily injuries.

9. Defendant, by and through their normal day to day operations, maintenance and upkeep, knew or should have known of the hazardous conditions and corrected and/or cleaned the floors in question. Defendants, however, negligently failed to timely and properly remedy the dangerous condition, thus creating a hazard which ultimately resulted in injuries and damages to Plaintiff as more fully described hereafter.

## V.  CAUSES OF ACTION

10. Defendants, as owners, operators and managers of the premises in question, and by and through their employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owed a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar circumstances. Defendants were negligent and such negligence was the proximate cause of Plaintiff's injuries and damages.

11. Defendants breached their duty by, among other acts and/or omissions, as follow:

   a.  Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   b.  Permitting an unreasonably dangerous condition which Defendants knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendants knew that persons such as Plaintiff were likely to suddenly and unexpectedly encounter without warning and that constituted a slip or fall hazard and risk of personal injury;

   c.  In failing to conduct reasonable inspections of the Defendant's premises in order to discover the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   d.  In failing to timely clean the Defendants 'premises to prevent a slip or fall hazard;

   e.  In failing to warn Plaintiff of the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   f.  In failing to make safe a condition on the premises which Defendants knew, or in the exercise of ordinary care should have known, posed an unreasonable risk of harm to individuals such as Plaintiff;

   g.  In failing to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff; and

   h.  In failing to post warning signs to prevent an injury to Plaintiff and others.

12.     Defendants were the owners, operators and managers of the premises at Walmart Store #2667 located at 7401 Samuell Blvd, Dallas, TX 75228.

13.     Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit.

14.     A condition on Defendant's premises posed an unreasonable risk of harm. The hazardous floors of Defendant's premises created a dangerous condition on Defendant's premises, proximately causing the incident in question.

15.     Defendants knew or reasonably should have known of the dangerous condition existing on the premises in question.

16.     Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to remedy the unsafe condition at Defendants' premises.

17.     Plaintiff would show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described herein above by which Defendants breached such duty, constitute a proximate cause of Plaintiff's damages described more fully herein below, for which Defendants are liable to Plaintiff.

18.     Each of such acts and/or omissions, singularly or in combination with others, were a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

## VI.     DAMAGES

19.     As a direct and proximate result of the breach of duty, negligent acts and/or omissions of Defendants, set forth herein above, Plaintiff suffered severe injuries to his neck, middle and lower back and incurred the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county where rendered;

- B. Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering which, in all reasonable probability, will be suffered in the future;

- E. Mental anguish in the past;

- F. Mental anguish which, in all reasonable probability, will be suffered in the future;

- G. Physical impairment in the past;

- H. Physical impairment which, in all reasonable probability, will be suffered in the future;

- I. Loss of earnings in the past;

- J. Loss of earnings which will in all reasonable probability be incurred in the future;

- K. Loss of earning capacity in the past;

- L. Loss of earning capacity which will in all reasonable probability be incurred in the future;

## VII. INTENT TO USE DEFENDANTS' DOCUMENTS

20.     In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiffs at any pre-trial proceeding or trial.

## VIII. REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY REQUESTS

21.     Pursuant to Rule 194, Defendants are hereby requested to disclose the information or material described in Rule 194.2 (a)-(l) within 50 days of the service of this request.

22.     Under Texas Rules of Civil Procedure 196, 197, 198 and 193.3 (b), Plaintiff requests that Defendants, within 50 days of service of this request, respond to Plaintiff's First Set of Written Discovery to Defendants (Interrogatories, Requests for Admissions, Request for Production and Request for Privilege Log), made a part of this petition as Exhibit "A."

## IX. REQUEST FOR JURY

23.     Plaintiff requests a trial by jury on all issues herein and tenders the appropriate fee at the time of filing of this petition.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for monetary relief over $100,000 but not more than $200,000 which is within the jurisdictional limits of the Court; together with pre-judgment and post-judgment interest from the date of injury until the time the judgment is paid at the maximum legal rate allowed by law, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**KASTL LAW, P.C.**

*/s/ Kristina N. Kastl*
**Kristina N. Kastl**
State Bar No.: 24025467
Email: kkastl@kastllaw.com
**Tamera Boudreau**
State Bar No.: 02694900
Email: tboudreau@kastllaw.com
4144 N. Central Expressway, Suite 300
Dallas, Texas 75204
(214) 821-0230 – Telephone
(214) 821-0231 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

## DEFINITIONS

1. "Premises" shall refer to the apartment complex known, at the time of the incident, as Wal-Mart Store #2667.

2. "You," and "Your," and "Defendant(s)" shall mean Defendant, Wal-Mart Stores, Inc. d/b/a Wal-Mart Store #2667, as captioned in Plaintiff's Original Petition, and all other persons or entities acting on their behalf and all employees who work on their behalf in the course and scope of your employment and in furtherance of your business. "You" also includes any agent that acts on your behalf.

3. "Lawsuit" and "case" refer to the above-numbered and entitled lawsuit.

4. "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

5. The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

6. "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as

defined by Rule 1001 of the Texas Rules of Civil Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

7. "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

8. "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document. Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document. In lieu of providing such information and detail, you may attach such document to your answer to these discovery requests and indicate for which Interrogatory each document is applicable.

9. "Plaintiff" or "Plaintiff" shall mean the person(s) captioned and identified as Plaintiff(s) in Plaintiff's Original Petition filed in this matter; except to the extent that these Discovery Requests are being served by Plaintiff, Jorge Davila.

10. "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

11. "Ordinary Care" means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstance.

12. "Proximate Cause" means the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

13. The "incident in question" or "incident" shall refer to the slip and fall incident more specifically described Paragraph IV of Plaintiff's Original Petition.

## FIRST SET OF INTERROGATORIES

A. Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to Defendant. These questions are being served upon you, the Defendant, and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request. These interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1. The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof. The answers shall be preceded by the question or interrogatory to which the answer pertains.

2. These Interrogatories seek answers current to the date of response. Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3. If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., item of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

**INTERROGATORY NO. 1:** Please state the names of all persons who provided information in answering these interrogatories and the Defendant's response to the Request for Disclosure.

**ANSWER:**


**INTERROGATORY NO. 2:** What was the objects on the floor of the Wal-Mart Store that caused Plaintiff to fall?

**ANSWER:**


**INTERROGATORY NO. 3:** Before Plaintiff fell as a result of an identified item in response to the previous interrogatory, was any agent, servant, or employee of Wal-Mart aware that the item was on its floor?

**ANSWER:**

**INTERROGATORY NO. 4:**  Before Plaintiff fell, was any warning provided to him that the items were on the Wal-Mart floor?

**ANSWER:**

**INTERROGATORY NO. 5:**  How many agents, servants, or employees of Wal-Mart were aware that the item was on the floor before Plaintiff fell?

**ANSWER:**

**INTERROGATORY NO. 6:**  Did the Wal-Mart Store where this incident took place have a surveillance system in place at the store on the date and time that the incident took place?

**ANSWER:**

**INTERROGATORY NO. 7:**  Please describe all steps taken by Wal-Mart to secure any videos or digital recordings of the incident giving rise to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 8:**  Please describe the investigation, if any, conducted concerning the incident made the basis of this suit prior to the date of anticipation of litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**  If Defendant conducted an inspection of the area of the floor on which Plaintiff fell, please describe what the inspection revealed.

**ANSWER:**

**INTERROGATORY NO. 10:**  If any of Defendant's patrons, customers or employees have slipped and fell at the subject Wal-Mart Store #2667 in the last five (5) years, please provide the following information:

    (a)    Name, address and phone number of person who slipped;
    (b)    Date of occurrence;
    (c)    Whether the individual required medical attention/treatment as a result of the slip; and
    (d)    What actions were taken by Defendant(s) to prevent future slips.

**ANSWER:**

**INTERROGATORY NO. 11:** If any of the subject Wal-Mart Store #2667's agents, servants, employees, owners or patrons witnessed the incident made the basis of this suit, please provide the following information:

    (a)    Name, address and phone number of the individual;
    (b)    A description of what the individual witnessed; and
    (c)    Whether a written or recorded statement was obtained from the individual.

**ANSWER:**

**INTERROGATORY NO. 12:** Please describe what assistance, if any, was provided by Defendants' staff to Plaintiff after he fell at the subject Wal-Mart Store #2667 on July 11, 2013.

**ANSWER:**

## REQUEST FOR ADMISSIONS

B.    Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendant. Defendant are requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE. The admissions requested are to be responded to fifty (50) days after service of this request. The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court. <u>If you fail to admit a matter upon which Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.</u>

**ADMISSION NO. 1:** Admit you have been properly named in Plaintiff's Original Petition.

**ADMISSION NO. 2:** Admit you are a proper party.

**ADMISSION NO. 3:** Admit the Court has subject matter and personal jurisdiction over you.

**ADMISSION NO. 4:** Admit venue is proper in Dallas County, Texas.

**ADMISSION NO. 5:** Admit you were properly served with process.

**ADMISSION NO. 6:** Admit you breached a duty to Plaintiff.

**ADMISSION NO. 7:** Admit all allegations in Plaintiff's Original Petition are factually correct.

**ADMISSION NO. 8**:  Admit Plaintiff suffered physical pain and mental anguish as a result of your negligence.

**ADMISSION NO. 9**:  Admit that Plaintiff did nothing to cause or contribute to the incident in question.

**ADMISSION NO. 10**:  Admit that the incident in question occurred as alleged in Paragraph IV of Plaintiff's Original Petition.

**ADMISSION NO. 11**:  Admit that Plaintiff have incurred past medical expenses as a direct result of the injuries that she sustained during the incident in question.

**ADMISSION NO. 12**:  Admit that the past medical services referenced in the previous request for admission were necessary, reasonable and customary for the services at the time and place that those services were provided to Plaintiff.

## REQUEST FOR PRODUCTION

C.   Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following requests for Production of Documents on Defendant.  Defendants are requested to respond fully, in writing, and in accordance with TRCP 196.  The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request.  You are further advised that you are under a duty to reasonably supplement your answer.

**NOTE:**  **For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

**REQUEST NO. 1:**   Photographs, slides, videotapes and/or motion pictures:  All photographs, slides, videotapes and/or motion pictures which are in any way relevant to Plaintiff, Plaintiff's injuries and damages, the scene of the incident made the basis of this suit, Plaintiff's causes of action and Defendant' defenses, including, drawings, graphs, charts, and electronic data.

**REQUEST NO. 2:** Correspondence/Emails/Electronic Data Between Plaintiff and Defendant: Correspondence, emails, hand-written notes and/or electronic data exchanged between you and/or your employees, agents, or servants and Plaintiff and Plaintiff's agents and/or representatives regarding anything related to the incident in question, no matter how remote.

**REQUEST NO. 3:** Statements: Written, taped or transcribed statements from the Plaintiff, Defendant' agents, servants, employees, or representatives, and of any eyewitness relevant to the incident made the basis of this lawsuit.

**REQUEST NO. 4**:  <u>Documents supporting contention you are not liable.</u>  All documents that support your contention that you are not responsible for the Plaintiff's damages.

**REQUEST NO. 5**:  <u>Evidence at trial.</u>  All documents and/or tangible things that you anticipate offering into evidence at the trial of this case.

**REQUEST NO. 6**:  <u>Documents relied upon to answer Interrogatories.</u>  Documents, photographs, videos, and tangible things you identified and/or relied upon, if even in part, in answering the above discovery requests.

**REQUEST NO. 7**:  <u>Footage of Plaintiff.</u>  Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

**REQUEST NO. 8**:  <u>Investigative materials.</u>  A true and correct copy of any and all investigation materials regarding the incident made the basis of this suit.

**REQUEST NO. 9**:  <u>DWQ</u> - Copies of any and all depositions on written questions (with accompanying records) obtained in this litigation.

**REQUEST NO. 10**:  <u>Accident/Incident Reports</u> - All accident or incident reports prepared by you and/or any governmental agency regarding the incident in question.

**REQUEST NO. 11**:  <u>Other Lawsuits</u> - Any and all documentation reflecting other lawsuits in which you have been involved in the past 5 years.

**REQUEST NO. 12**:  <u>Consulting Expert</u>  Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert.  For purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**REQUEST NO. 13**:  <u>Documents Reviewed by a Testifying Expert(s)</u> - Any and all records, electronic data, photographs, videotaped materials and all other tangible matters reviewed by an expert who is expected to be called to testify at the time of the trial of this case, including such expert(s) report.

**REQUEST NO. 14**:  <u>Documents Reviewed by a Consulting Expert(s)</u> - Any and all records, electronic data, photographs, videotaped materials and all other tangible matters reviewed by a consulting expert whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit, including such consulting expert(s) report.

**REQUEST NO. 15:** Retainer Agreement, Invoices &/or Statements – Testifying Expert(s) - Any and all retainer agreements, invoices, statements, and all other tangible matters reflecting your testifying expert(s) fees, retainer, and/or payments made to such expert(s) relevant to this lawsuit.

**REQUEST NO. 16:** Retainer Agreement, Invoices &/or Statements – Consulting Expert(s) - Any and all retainer agreements, invoices, statements, and all other tangible matters reflecting fees charged, retainer, and/or payments made to such consulting expert(s) whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit.

## REQUEST FOR PRIVILEGE LOG

D.  Privilege Log: Defendant is requested to respond fully, in writing. The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request. You are further advised that you are under a duty to reasonably supplement your answer. If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:

(a) Detail the privilege asserted;

(b) The title of the document(s) upon which the privilege is asserted;

(c) The General item of the document(s) upon which you claim there is a privilege;

(d) Identify the location and custodian of the document(s)

(e) Brief Description why, in your view, the privilege shields the document from discovery; and

(f) Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.