IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JORGE DAVILA, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:15-CV-2874-D |
| VS. | § |
| | § |
| WALMART STORES, INC. d/b/a | § |
| WALMART STORE #2667, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action brought by plaintiff Jorge Davila ("Davila"), defendant Wal-Mart Stores Texas LLC ("Walmart")[1] moves for summary judgment. For the reasons that follow, the court grants the motion and dismisses this action with prejudice by judgment filed today.[2]

I

Davila sues Walmart to recover on a premises liability claim. His lawsuit arises out of an incident that occurred on July 11, 2013 at Walmart Store #2667, when he slipped and fell on a plastic coat hanger left on the floor in the store's clothing department. Walmart moves for summary, pointing to the absence of evidence to support his claim. In particular, Walmart maintains that the

---

[1] Walmart states in its summary judgment motion that it is incorrectly named "Wal-Mart Stores, Inc. d/b/a Wal-Mart Store #2667."

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

surveillance video shows that, fewer than two minutes before the incident involving Davila, another customer walked past a rack of clothing and knocked off a clothes hanger.  Walmart contends that a period of fewer than two minutes is not enough time for Walmart to have discovered the condition.  It therefore maintains that it did not have actual or constructive knowledge of the condition prior to Davila's incident.  Walmart also posits that there is no evidence that a condition on the store premises posed an unreasonable risk of harm, and that there is no evidence that Walmart knew or should have reasonably known of the alleged danger of the condition on the premises.

Walmart filed its motion for summary judgment on September 26, 2016.  Davila did not respond to the motion by the October 17, 2016 deadline[3]—indeed, he has not responded at all—and the motion is ripe for determination.

II

Because Walmart will not have the burden of proof at trial on Davila's claim, it need only point the court to the absence of evidence of any essential element of the claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once Walmart does so, Davila must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Davila.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Davila's failure to produce proof as to any essential element of the claim renders all other facts immaterial.  *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory if Davila

---

[3]*See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

fails to meet this burden. *Little*, 37 F.3d at 1076.

As noted, Davila has not responded to Walmart's motion. Although his failure to respond does not permit the court to enter a "default" summary judgment in Walmart's favor, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

Walmart has pointed the court to the absence of evidence to support Davila's claim. *See, e.g.,* D. Br. 5-7. Because Davila has failed to respond to Walmart's motion, he is "relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman*, 945 F. Supp. at 1002. Davila has therefore failed to raise a genuine issue of material fact regarding his claim, and Walmart is entitled to summary judgment.

Accordingly, Walmart's motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

December 9, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE