IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE DAVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:15-CV-2874-D |
| | § | |
| WALMART STORES, INC., d/b/a | § | |
| WALMART STORE #2667, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, plaintiff Jorge Davila ("Davila") moves to alter or amend, or for relief from, summary judgment entered in favor of defendant Wal-Mart Stores Texas LLC ("Walmart") after Davila failed to respond to Walmart's summary judgment motion. For the reasons that follow, the court denies the motion.

I

Davila filed this lawsuit in Texas state court following his slip and fall at a Walmart store. Walmart removed the case on September 2, 2015, and then moved for summary judgment on September 26, 2016, over one year later. Davila did not respond to the motion by the October 17, 2016 deadline, and the court granted Walmart's motion for summary judgment on December 9, 2016. *See Davila v. Walmart Stores, Inc.*, 2016 WL 7178974, at *1 (N.D. Tex. Dec. 9, 2016) (Fitzwater, J.) ("*Davila I*").

On January 6, 2017 Davila filed the instant motion pursuant to Fed. R. Civ. P. 59(e) and 60(b) to alter or amend or, alternatively, relieve plaintiff entirely from the judgment and

reinstate summary judgment proceedings. He moves for this relief on two grounds. First, Davila maintains that his failure to respond to Walmart's summary judgment motion resulted from "an unfortunate calendaring error on the part of Plaintiff's counsel," rather than intentional or conscious disregard. P. Br. 6. Second, he now presents a "meritorious response," *id.* at 6, that includes newly submitted evidence of a witness statement from a Walmart employee,[1] *id.* at 4. Davila also cites a surveillance video submitted to the court in *Davila I* as further support. *See Davila I*, 2016 WL 7178974, at *1. He contends that granting the motion would not prejudice Walmart, but denying the motion would be "manifestly unjust" as to him. P. Br. 2. Walmart opposes the motion.

II

The court will first consider whether Rule 59(e) or 60(b) provides the proper standard. Under Rule 59(e), a party may move to "alter or amend a judgment," while under Rule 60(b), a court may "relieve a party . . . from final judgment" for specific enumerated reasons. Rules 59(e) & 60(b). Whether Rule 59(e) or Rule 60(b) applies to a motion to reopen a case depends on when the motion is served. *See Drew v. Life Ins. Co. of N. Am.*, 2009 WL 1856604, at *1 (N.D. Tex. Jun. 29, 2009) (Fitzwater, C.J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *overruled on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)). "If [a] motion is served [no later

---

[1]In her statement, the Walmart associate stated: "When I was sweeping, I came by the clothing aisle, a customer was on his knees, he said he slipped on a hanger. I [saw] the hanger in the aisle but he said it was out on the floor. He said the hanger slid when he step[p]ed on it." P. Br. 4 (emphasis removed).

than 28 days after the entry of the judgment], the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.*; *see* Rule 59(e). Because Davila filed this motion within 28 countable days of the date the judgment was entered, the court will consider it under the less onerous Rule 59(e) standard. *See Drew*, 2009 WL 1856604, at *1.

III

Rule 59(e) motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *See Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (internal quotation marks omitted). The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008) (Fitzwater, C.J.).

While a district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

IV

The court first considers whether the calendaring error by Davila's counsel is sufficient to warrant granting Rule 59(e) relief.

A

In the context of Rule 60(b)(1)—which informs (although does not control) the court's Rule 59(e) analysis—the Fifth Circuit has held that it is not an abuse of discretion to deny relief when movant's proffered justification is counsel's "inadvertent mistake." *Drew*, 2009 WL 1856604, at *3 (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-67 (5th Cir. 1993) (affirming denial of Rule 59(e) motion when plaintiff's only proffered excuse was counsel's failure to respond to summary judgment motion based on misinterpretation of local rule)).[2]

B

In this case, Davila first asserts that his failure to respond to Walmart's motion for summary judgment was due to counsel's "unfortunate calendaring error." P. Br. 6. But this is insufficient to establish excusable neglect. *See Drew*, 2009 WL 1856604, at *2; *Emerton v. Kroger Co.*, 2015 WL 731250, at *4 (N.D. Tex. Feb. 20, 2015) (Fitzwater, J.). The court encountered similar arguments in *Drew*, where the plaintiff's attorney failed to file an

---

[2] Because parties have a duty of diligence to inquire about the status of a case, "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin*, 6 F.3d at 357.

amended complaint because his assistant did not calendar the due date for such a filing. *Drew*, 2009 WL 1856604, at *2. Concluding that the attorney's errors were more akin to inadvertence than to excusable neglect, the court denied the Rule 59(e) motion for relief from judgment or to alter or amend. *Id.* at *3.

Likewise, in *Emerton* this court faced a similar calendaring-error excuse and reached the same conclusion. *See Emerton*, 2015 WL 731250, at *4. There, the plaintiff's attorney failed to see the electronic notice that the defendant had filed a summary judgment motion. *Id.* The plaintiff argued that the error justified Rule 60(b) relief for two reasons. First, she asserted that the mistake constituted "excusable neglect." *Id.* Second, even if not excusable, she argued that she should not be held responsible for her counsel's mistake. *Id.* This court rejected both arguments, noting that "it is not sufficient that her attorney, rather than she, is responsible for the errors." *Id.* (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) ("[I]t has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client[.]")). Accordingly, the court denied the Rule 60(b) motion to set aside judgment and reinstate summary judgment proceedings. *Id.*

Here, Davila contends that he failed to respond to Walmart's summary judgment motion due to an "accidental" calendaring error as opposed to intentional or conscious indifference. P. Br. 6. But as in *Drew* and *Emerton*, his counsel's calendaring error is insufficient to establish the excusable neglect that is necessary to warrant relief under either Rule 59(e) or Rule 60(b)(1). *See Drew*, 2009 WL 1856604, at *2; *Emerton*, 2015 WL

731250, at *4. Nor is it sufficient that Davila's attorney, rather than he, made the inadvertent error. *See Pryor*, 769 F.2d at 288. Davila had 21 days to respond to Walmart's summary judgment motion, and he then had another six weeks between the summary judgment response deadline and the date the court ruled on the summary judgment motion to spot a potential error. His failure to do so does not constitute a valid reason for setting aside the summary judgment.

V

The court now considers whether Davila's newly submitted evidence justifies Rule 59(e) relief.

A

Generally, "[a] party is not entitled to have a summary judgment set aside on the basis of evidence not produced prior to summary judgment unless he demonstrates a valid excuse for failing to produce the evidence prior to the court's summary judgment ruling." *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *3 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.) (quoting *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1052 (5th Cir. 1996)). When faced with newly submitted evidence, a court may not grant a Rule 59(e) motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). A court therefore aims to strike a proper balance between two competing

interests: the need to bring litigation to an end and the need to render just decisions on the basis of all facts. *See Templet*, 367 F.3d at 479. In striking that balance, this court will consider the probative value of omitted evidence; whether the evidence was available to Davila at the time of the summary judgement motion; the reason Davila did not present the evidence before summary judgment was effectively granted; and potential prejudice to Walmart. *See Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 906 (5th Cir. 2016) (citing *Templet*, 367 F.3d at 478). These factors are nonexclusive, and "the court may base its decision on those grounds that assist it in exercising its discretion[.]" *Artemis Seafood*, 1999 WL 1032798, at *2.

B

The court first addresses whether setting aside the judgment would prejudice Walmart. A party who secures final judgment of a case will obviously suffer some form of prejudice anytime it obtains such relief and the opposing party is successful in having the proceedings reinstated. *See Artemis*, 1999 WL 1032798, at *3. Thus the court must assess whether the prejudice is *unfair* to the nonmovant. *See Drew*, 2009 WL 1856604, at *2.

If the court sets aside the judgment in this case, Walmart will be required to defend a lawsuit that it would otherwise have been obligated to defend anyway. This is not unfairly prejudicial to Walmart, except to the extent it has been required to respond to Davila's present motion. As in *Drew,* the court holds that if Walmart is compensated for such fees and costs, the prejudice to Walmart of granting the motion is not unfair. *See id.*

C

The court next weighs the statement's probative value against considerations of whether the statement was available to Davila at the time of the summary judgment motion, and, if so, why Davila did not submit the evidence before the court granted the motion.

To be successful on a Rule 59(e) motion based on "newly discovered" evidence, a party must show that he exercised due diligence in obtaining the information. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004). Evidence is only "newly discovered" when it exists before, but a party was "excusably ignorant" of its existence until after judgment. *NLRB v. Jacob E. Decker & Sons*, 569 F.2d 357, 363 (5th Cir. 1978). Accordingly, "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)); *see also* 11 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure* § 2859, at 387-89 (3d ed. 2017) ("[I]f [evidence] was in the possession of the party before the judgment was rendered[,] it is not newly discovered and does not entitle the party to relief.").

In the present case, Davila points to the statement of the Walmart associate in which she says that she "[saw] the hanger in the aisle." P. Br. 7. Davila maintains that her statement raises a fact issue concerning Walmart's actual knowledge of the allegedly dangerous condition. Davila also points to the surveillance video and asserts that it raises a fact issue as to Walmart's constructive knowledge.

Conversely, Walmart asserts that Davila is taking the witness statement out of context, and that no reasonable reading of the statement could support a finding of actual knowledge. Walmart also maintains that the statement, considered together with the video, demonstrates "that the condition was created by a customer" rather than by Walmart; that the "condition existed for less than two minutes . . . [and] was not conspicuous prior to the fall;" and that "no employee was in close proximity [to the hanger] prior to the fall." D. Br. 11.

Davila does not contend that he was excusably ignorant of this evidence before summary judgment was entered. Nor does he assert that, despite his exercise of due diligence, he could not find the statement before summary judgment. In fact, Davila does not dispute that he possessed the witness statement *before* the court entered summary judgment. In his brief, he acknowledges that he received the witness statement during discovery, before Walmart filed its summary judgment motion. *See* P. Br. 4. The statement was therefore available to Davila at the time Walmart filed its motion.

Further, while Davila asserts that a calendaring error caused his failure to respond to the summary judgment motion, he offers no specific explanation for why he did not submit the evidence to the court before summary judgment was entered. Instead, he appears to be using the Rule 59(e) motion as a "'back up' plan for curing briefing deficiencies," which does not fall within Rule 59(e)'s narrow purpose. *See Dottin v. Tex. Dep't of Crim. Justice*, 2014 WL 11511696, at *1 (E.D. Tex. Dec. 29, 2014).

Therefore, Davila has failed to demonstrate any explanation for his failure to present evidence available at the time of the summary judgment motion. *See Templet*, 367 F.3d at

479. Accordingly, the court declines to grant Davila's motion based on the production of the Walmart associate's statement.

\* \* \*

For the reasons explained, the court denies Davila's January 6, 2017 motion to alter or amend judgment and/or relief from judgment.

**SO ORDERED**.

April 27, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE